UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MATTHEW AUBLE, LEO CRITCHFIELD, MICHAEL CROTEAU, MICHAEL O'NEAL, DANIEL PEABODY, GARY PFEIFFER, and JIM RIEBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WINNEBAGO INDUSTRIES, INC. and GRAND DESIGN RV, LLC,<br><br>Defendants. | Civil Action No: 3:25-cv-00240<br><br>Judge Damon R. Leichty |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants Winnebago Industries, Inc. ("Winnebago") and Grand Design RV, LLC ("Grand Design") hereby move to dismiss Plaintiffs' Complaint and state as follows:

1. Plaintiffs purchased Solitude and Momentum model recreational vehicles manufactured between 2020 and 2023 by Grand Design.

2. Plaintiffs allege that their RVs contain a design defect relating to the frame of their RVs, which they describe as "excessive frame flex."

3. Winnebago is the parent company of Grand Design, but it did not design, manufacture, or sell the Solitude and Momentum RVs at issue.

4. On March 3, 2019, Plaintiffs filed suit against Grand Design and Winnebago, raising putative class claims under ten state consumer-protection statutes, and additional common-law claims for negligence and unjust enrichment.

5. Winnebago now moves to dismiss for lack of personal jurisdiction, and both Defendants move to dismiss for failure to state a claim.

6. Dismissal is required as to Winnebago because neither the general nor specific personal jurisdiction tests are met on the facts alleged. *See Goodyear Dunlop Tires Ops. S.A. v. Brown*, 564 U.S. 915, 919 (2011); *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 592 U.S. 351, 352 (2021).

7. As an additional threshold issue, Plaintiffs lack standing to pursue claims on behalf of consumers who purchased two other models (Reflection and Influence) of Grand Design RVs, because none of the named Plaintiffs purchased such an RV and thus there is no alleged injury-in-fact relating to them. *Benson v. Fannie May Confections Brands, Inc.*, No. 17-CV-3519, 2018 WL 1087639, at *6 (N.D. Ill. Feb. 28, 2018). Moreover, Plaintiffs fail to allege the substantial similarity of these models. *Id.*

8. Further, Plaintiffs' attempt to assert claims under Indiana or Minnesota law on behalf of a nationwide class of RV Purchasers violates due process because substantive conflicts exist between Indiana and the other potentially interested states, and there is no indication that each class member expected that their claim would be controlled by either state's law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821−22 (1985); *In re Ford Motor Co. Bronco II Prod. Liab. Litig.*, 177 F.R.D. 360, 369−71 (E.D. La. 1997).

9. On the merits, Plaintiffs' consumer statutory claims also fail for many reasons.

10. Plaintiffs' statutory claims universally sound in fraud, so they are subject to Federal Rule of Civil Procedure 9(b), but Plaintiffs do not allege "'the who, what, when, where, and how' of the alleged fraud." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019).

11. Plaintiffs also fail to allege any actionable misrepresentation or omission as required by the consumer protection statutes they have invoked.

12. Specifically as to the Indiana Deceptive Consumer Sales Act claim, which they invoke on behalf of the nationwide class, Plaintiffs failed to provide reasonable pre-suit notice as required to rely upon uncured deceptive acts, and they have failed to allege any incurable deceptive act, so no relief may be granted on this claim.

13. Plaintiffs also fail to allege any act made "in connection with the sale of a subject RV under the Arizona Consumer Fraud Act" because they do not allege a representation that was made in connection with a direct sale between themselves and Defendants. *Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454 (Ariz. Ct. App. 2012); *Bestwick v. Newmar Corp.*, 576 F. Supp. 3d 599, 606 (N.D. Ind. 2021), *appeal dismissed,* 2022 WL 18401473 (7th Cir. Feb. 11, 2022).

14. Plaintiffs fail to allege that their remedies at law would be inadequate as required to plead a claim under the California Unfair Competition Law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

15. Plaintiffs lack standing to pursue a claim under the Florida Deceptive and Unfair Trade Practices Act because the sole Florida plaintiff purchased his RV used, while an Arizona resident. Thus, there is no significant connection between the transaction at issue and Florida. *Montgomery v. New Piper Aircraft, Inc.*, 209 F.R.D. 221, 225–26 (S.D. Fla. 2002).

16. Similarly, the only named Plaintiff with an asserted claim under the Ohio Consumer Sales Practices Act is barred from relief by the statute of limitations, so this claim must be dismissed on behalf of the individual plaintiff and the class. Ohio Rev. Code Ann. § 1345.10; *Quetot v. M & M Homes, Inc.*, No. 12 CO 1, 2013 WL 793219 at *3 (Ohio Ct. App. Feb. 25, 2013).

17. Plaintiffs also assert negligence claims on behalf of themselves and the class either under Indiana law, or on behalf of the state sub-classes. Under the law of every implicated jurisdiction, Plaintiffs' negligence claims fail by operation of the economic loss doctrine because

they allege as damages only that they "unwittingly purchased defective RVs that were worth less than an RV that was free from defects." (Compl. ¶ 380). *Ind. Farm Bureau v. CNH Indus. Am., LLC*, 130 N.E.3d 604, 614 (Ind. Ct. App. 2019) ("Under the economic loss doctrine, contract is the sole remedy for the failure of a product or service to perform as expected.").

18. Finally, Plaintiffs' unjust enrichment claims fail under the law of California, Florida, and Indiana. Unjust enrichment is not a standalone cause of action in California. *See Graham-Sult v. Clainos*, 756 F.3d 724, 750 (9th Cir. 2014). Florida requires a plaintiff alleging unjust enrichment to plead that he has "directly conferred a benefit on the defendants." *Century Senior Servs. v. Consumer Health Benefit Ass'n, Inc.*, 770 F.Supp.2d 1261, 1267 (S.D. Fla. 2011). Indiana limits unjust enrichment to claims for quantum meruit, which has no application here. *Woodruff v Ind. Family & Soc. Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012)**.**

19. As set forth more fully in Defendants' accompanying Memorandum of Law, Defendants respectfully request that their Motion to Dismiss be **GRANTED**.

Dated: May 19, 2025

/s/ *Erica A. Ramsey*
Brendan V. Johnson
Erica A. Ramsey
**ROBINS KAPLAN LLP**
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
bjohnson@robinskaplan.com
eramsey@robinskaplan.com

A. Elizabeth Burnett
Marcus Guith
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612.349.8500
eburnett@robinskaplan.com
mguith@robinskaplan.com

Hans Pijls
**DINSMORE & SHOHL LLP**
300 N. Fifth Avenue, Suite 120
Ann Arbor, MI 48104
248.719.1390
hans.pijls@dinsmore.com

COUNSEL FOR DEFENDANTS
WINNEBAGO INDUSTRIES, INC. AND
GRAND DESIGN RV, LLC

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2025, a true and accurate copy of the foregoing **Motion to Dismiss** was electronically filed with the Clerk of Court by using the CM/ECF system to all registered parties.

*/s/ Erica A. Ramsey*
**ROBINS KAPLAN LLP**
Erica A. Ramsey
150 East 4th Place, Suite 704
Sioux Falls, SD 54104-5044
605.335.1300
eramsey@robinskaplan.com